**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| JAMAAL R. BRADLEY, § | | |
| PLAINTIFF, § | | |
| § | | |
| V. § | A-21-CV-498-DII | |
| § | | |
| NICOLE ACUNA,[1] et al., § | | |
| DEFENDANTS. § | | |

**ORDER**

Plaintiff Jamaal R. Bradley filed related civil rights complaints in Cause Nos. A-21-CV-498-LY, A-21-CV-506-LY, and A-22-CV-005-LY. At the time he filed his complaints, public criminal case records for Bastrop County showed Plaintiff was indicted on November 10, 2020, for injury to an elderly individual, habitual, in Cause No. 17,216.

In Cause No. A-21-CV-498-LY, Plaintiff alleged City of Elgin Police Detective Nicole Acuna #514 fabricated evidence, coerced a witness, and omitted exculpatory witness statements from two police officers. Plaintiff failed to specify what exactly Detective Acuna fabricated in her affidavit for probable cause, how the witness was coerced, and the substance of the purported exculpatory witness statements that were omitted. Plaintiff claimed he was arrested on August 6, 2020, on the false report made by his uncle. Plaintiff sought $1 million in damages.

Plaintiff attached Detective Acuna's probable cause affidavit to his complaint. According to Acuna, Plaintiff, on or about June 28, 2020, intentionally and knowingly caused bodily injury to

---

[1] Defendant indicates her name is Margaret Nichole Brimhall, formerly Acuna through marriage. In this Order, the Court refers to the defendant as named by the plaintiff.

his uncle, an individual over 65 years of age, by striking him with a closed fist on the right side of the uncle's face or jaw area causing him pain. Acuna stated Officer Dickerson was dispatched to the scene and met with Plaintiff's uncle. She claimed that Plaintiff and his uncle have been members of the same household since March 2020. Acuna later followed up with the uncle and discovered Plaintiff and the uncle engaged in a verbal disagreement about a skillet. The uncle allegedly attempted to leave the residence with his cellular phone and call for assistance. According to Acuna, the uncle reported that Plaintiff attempted to take the cellular phone and punched the uncle with a closed fist. The uncle further reported that he felt a sting when he was punched and described his pain as an eight on a scale of one to ten with ten being the worst pain level and one being the least amount of pain. Acuna attested that the uncle showed her a broken tooth on his dentures and claimed the damage to the denture resulted from being struck in the face by Plaintiff.

After careful review of Plaintiff's complaint, the Court ordered Plaintiff to file an amended complaint to clarify his claims. Specifically, Plaintiff was ordered to allege what exactly Detective Acuna fabricated in her affidavit or how the grand jury's deliberations were tainted.

Plaintiff clarified that his uncle never left with his cell phone and did not tell Officer Dickerson or an unnamed sergeant that he did. Similarly, Plaintiff reported that Officer Dickerson or the sergeant were not told that Plaintiff attempted to take his uncle's cell phone and punched him in the face. According to Plaintiff, Officer Dickerson's and the sergeant's reports would have shown they reported no blood, bruises, or swelling of the uncle's face and found no probable cause for an arrest. Plaintiff denied Detective Acuna took pictures of his uncle's broken tooth on June 28, 2020. Rather, Plaintiff stated the detective took the pictures on August 6, 2020. Plaintiff maintained Detective Acuna coached his uncle on what to say on August 6, 2020, to get a warrant. Plaintiff

complained Officer Dickerson and the sergeant's reports were omitted when Detective Acuna sought an arrest warrant. Plaintiff also asserted his uncle's tooth has been broken for ten years.

In his related complaint, filed in Cause No. A-21-CV-506-LY, Plaintiff sued the City of Elgin and Magistrate Judge Amanda Carter. He alleged the city and Judge Carter failed to train the city's detectives on when to include exculpatory evidence. He sought an additional $1 million in damages.

In his other related complaint, filed in Cause No. A-22-CV-005-LY, Plaintiff sued Bastrop County District Attorney Brian Goertz, Assistant District Attorney Philip L. Hall, Sheriff Maurice Cook, and District Clerk Sarah Loucks. Plaintiff claimed he had been denied a speedy trial, his witness statements were destroyed, he was denied proper indictment procedures, and he was forced to remain in bodily restraints when taken to court. Specifically, Plaintiff alleged false and fabricated evidence was presented to the grand jury and exculpatory evidence was excluded, mainly the reports from the responding police officers and reports from two adult protective service officers. He further claimed he was not properly indicted and he was not mailed a certified copy of the indictment through the sheriff's office. He sought $5 million in compensatory and punitive damages

After review of Plaintiff's complaints, the Court found that Plaintiff's claims were inconsistent with the criminal charges pending against him. Because Plaintiff's civil-rights claims were interrelated with his pending criminal proceedings, the Court stayed all three actions pending his criminal proceedings in Bastrop County.

Plaintiff notified the Court he was acquitted on June 13, 2023. The Court lifted the stays in the cases and ordered the related cases to be consolidated. The Court further ordered Plaintiff to file an amended complaint to include all the claims he wished to raise against the defendants.

Plaintiff executed an amended complaint on July 9, 2023. He named as defendants: (1) Nicole Acuna #514, (2) Brian Goertz, (3) Maurice Cook, (4) Philip L. Hall, and (5) Amanda Carter. He no longer named as defendants (1) the City of Elgin, (2) the Elgin Police Department, and (3) Sarah Loucks. Therefore, the Court dismissed the unnamed defendants from the case.

In his amended complaint Plaintiff reasserted Detective Acuna fabricated evidence and omitted exculpatory witness evidence when she obtained an arrest warrant for Plaintiff. He alleged she acted maliciously for a purpose other than to bring justice. He accused Defendants Goertz, Cook, Hall, and Carter of failing to intervene and denying him due process. He sought $10 million in compensatory and punitive damages.

On July 21, 2023, the Court dismissed all of Plaintiff's claims except his claims made against Detective Acuna and ordered service for Detective Acuna. Detective Acuna moves for summary judgment. Plaintiff did not respond to the Motion for Summary Judgment.

**Analysis**

**I.    Legal Standards**

    A.    <u>Summary Judgment Standard</u>

"Summary judgment must be granted 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Trammell v. Fruge*, 868 F.3d 332, 338 (5th Cir. 2017) (quoting FED. R. CIV. P. 56(a)). The court "views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in the non-movant's favor." *Hanks* v. *Rogers*, 853 F.3d 738, 743 (5th Cir. 2017) (quoting *Deville v. Marcantel*, 567 F.3d 156, 163–64 (5th Cir. 2009)).

"A qualified immunity defense alters the usual summary judgment burden of proof. Once an official pleads the defense, the burden then shifts to the plaintiff, who must rebut the defense by establishing a genuine fact issue as to whether the official's allegedly wrongful conduct violated clearly established law." *Id.* at 744 (quoting *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010)).

B.     Qualified Immunity

"Qualified immunity shields public officials sued in their individual capacities from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Kokesh v. Curlee*, 14 F.4th 382, 391 (5th Cir. 2021) (cleaned up). "The qualified immunity inquiry includes two parts. In the first we ask whether the officer's alleged conduct has violated a federal right; in the second we ask whether the right in question was 'clearly established' at the time of the alleged violation, such that the officer was on notice of the unlawfulness of his or her conduct." *Cole v. Carson*, 935 F.3d 444, 451 (5th Cir. 2019) (*en banc*). The court need not decide the first question before the second, and it may decide the case solely on the basis that the right was not clearly established. *Pearson v. Callahan*, 555 U.S. 223, 236–37 (2009).

C.     Section 1983

Section 1983 provides a cause of action to individuals whose federal rights have been violated by those acting under color of state law. *Doe v. Dall. Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). Section 1983 is not itself a source of substantive rights; rather, it merely provides a method for vindicating federal rights conferred elsewhere. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994). In order to state a claim under Section 1983, a plaintiff must (1) allege a violation of

rights guaranteed by the United States Constitution or federal law, and (2) demonstrate the alleged deprivation was committed by a person acting under color of state law. *Doe*, 153 F.3d at 215.

**II.     Discussion**

    A.     Malicious Prosecution

To the extent Plaintiff asserts a claim of malicious prosecution against Detective Acuna, his claim fails.  Although *Thompson v. Clark*, 596 U.S. 36 (2022), presupposes the possibility of a Fourth Amendment claim for malicious prosecution, Fifth Circuit case law between 2003 and 2021 explicitly denied the possibility of a constitutional malicious prosecution claim.  *Guerra v. Castillo*, 82 F.4th 278 (5th Cir. 2023); *see also Armstrong v. Ashley*, 60 F.4th 262, 279 (5th Cir. 2023) ("[*Thompson*] overrul[ed] our precedent in *Castellano*.").

When evaluating whether Detective Acuna violated clearly established law for purposes of the court's qualified immunity analysis, the court considers whether the law was clearly established "at the time of the defendant's alleged misconduct." *Jennings v. Patton*, 644 F.3d 297, 300 (5th Cir. 2011) (citing *Pearson*, 555 U.S. at 232).  Because the Fifth Circuit explicitly disclaimed the existence of a constitutional claim for malicious prosecution at the time of Acuna's alleged conduct in 2020, the law was not clearly established and she is entitled to qualified immunity.

    B.     False Arrest

Plaintiff alleges Detective Acuna fabricated evidence and omitted exculpatory witness evidence when she obtained an arrest warrant for Plaintiff.  *See Winfrey v. Rogers*, 901 F.3d 483, 494 (5th Cir. 2018) ("[A] defendant's Fourth Amendment rights are violated if (1) the affiant, in support of the warrant, includes 'a false statement knowingly and intentionally, or with reckless disregard

6

for the truth' and (2) 'the allegedly false statement is necessary to the finding of probable cause.'" (quoting *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978))).

In general, "if facts supporting an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation for false arrest, insulating the initiating party." *Terwilliger v. Reyna*, 4 F.4th 270, 281 (5th Cir. 2021) (quoting *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 813 (5th Cir. 2010)). The independent-intermediary doctrine is not absolute. The chain of causation remains intact if the officer taints the intermediary's decision by "deliberately or recklessly provid[ing] false, material information for use in an affidavit" or "mak[ing] knowing and intentional omissions that result in a warrant being issued without probable cause." *Anokwuru v. City of Houston*, 990 F.3d 956, 964 (5th Cir. 2021) (quoting *Melton v. Phillips*, 875 F.3d 256, 264 (5th Cir. 2017) (en banc)). "To determine whether facts omitted from a warrant affidavit are material to the determination of probable cause, courts ordinarily insert the omitted facts into the affidavit and ask whether the reconstructed affidavit would still support a finding of probable cause." *Kohler v. Englade*, 470 F.3d 1104, 1113 (5th Cir. 2006) (citation omitted).

Here, the summary-judgment evidence confirms Detective Acuna interviewed Plaintiff's uncle at the house about his allegations. The uncle, without coaching, repeated his allegation that Plaintiff kicked in the door to his bedroom, struck him in the jaw, and broke his phone. The uncle affirmed that he wanted to press charges. Detective Acuna drafted a probable cause affidavit, and Magistrate Judge Amanda Carter made a finding of probable cause and signed the affidavit.

Plaintiff was arrested and shortly thereafter gave a voluntary in-custody statement to Detective Acuna. The interview was recorded. As the interview began, Plaintiff acknowledged that

he suspected he was arrested for punching his uncle in the mouth, causing him bodily injury, and for breaking his dentures.

Plaintiff admitted the argument was started because of the skillet. He admitted he took his uncle's phone and told his uncle he would return the phone when the uncle produced the frying pan. He denied hitting his uncle or breaking his uncle's dentures. Later in the interview, Plaintiff admitted he lied about not knowing what happened to the phone and admitted he "dropped" the phone on the ground after his uncle walked away. He admitted the phone was "destroyed." Plaintiff continued to deny hitting his uncle. On November 16, 2020, Plaintiff was indicted for Assault with Bodily Injury to the Elderly.

The statements made in the probable cause affidavit are supported by body-camera and photographic evidence. The incident reports made by the responding officers were not exculpatory in that marks or other visible signs of injury are not reqired to establish probable cause for Assault Causing Bodily Injury to the Elderly under Texas Penal Code § 22.04(a)(3). Detective Acuna states she knew from her training and experience that the "bodily injury" element of the offense only required evidence of the victim's physical pain. Here, Plaintiff's uncle told Detective Acuna he felt a pain level of eight when he was allegedly struck by Plaintiff. Accordingly, Detective Acuna's decision to omit the responding officers' reports, or omit that no visible injuries were observed on the uncle on the night of the incident, is immaterial. A reconstructed affidavit with the information Plaintiff complains Detective Acuna omitted would still support probable cause.

## Conclusion

Detective Acuna's Motion for Summary Judgment is granted. Detective Acuna is entitled to qualified immunity.

It is therefore **ORDERED** that Defendant Acuna's Motion for Summary Judgment, filed on November 3, 2023, is **GRANTED** and Plaintiff shall take nothing against Defendant Acuna.

**SIGNED** on January 17, 2024.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE